IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BILL LIETZKE )
 )
       Plaintiff, )
 )
v. ) Case No. 14-2173-RDR
 )
CITY OF MONTGOMERY, ALABAMA, )
et al., )
 )
       Defendants. )
 )

## MEMORANDUM AND ORDER
### and
## REPORT AND RECOMMENDATION

**I.    Motion to Proceed In Forma Pauperis (Doc. 2)**

On April 14, 2014, plaintiff filed an "Application to Proceed in District Court Without Prepaying Fees or Costs." (Doc. 2). The court has reviewed the affidavit of financial status and finds that plaintiff has established that he is financially unable to pay the costs of the filing fee.

**IT IS THEREFORE ORDERED** that the motion (**Doc. 2**) is **GRANTED**.

**II.    Report and Recommendation**

The authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action is 1) frivolous, 2) malicious, 3) fails to state a claim upon

which relief may be granted, or 4) seeks relief from a defendant who is immune from suit. The court may also dismiss an in forma pauperis plaintiff's complaint for lack of personal jurisdiction and improper venue, despite the fact that these defenses can be waived under Fed. R. Civ. P. 12(h)(1)) if not properly raised.[1]

Personal jurisdiction and venue are considered sua sponte by the court only "when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[2] If it is clear from the face of the complaint that "plaintiff can allege no set of facts to support personal jurisdiction or venue," the court may dismiss the complaint.[3] In this case, both personal jurisdiction and venue are lacking and the case is subject to dismissal as analyzed below.

**<u>Personal Jurisdiction</u>**

The court must have personal jurisdiction—power over the defendants' personal rights—in order to make decisions that bind the parties.[4] The proper exercise of personal jurisdiction depends, in part, on the type of subject matter jurisdiction—authority over the type of case—the court possesses. In his complaint, plaintiff states that subject matter jurisdiction is based on both the existence of a federal question and the amount in controversy.[5] Regardless of which source of subject matter jurisdiction plaintiff relies on,

---

[1] *Brown v. Peter Francis Jude Beagle Law Office*, 08-3311-SAC, 2009 WL 536596, at *1 (D. Kan. Mar. 3, 2009) (citing *Trujillo v. Williams,* 465 F.3d 1210, 1216–17 (10th Cir. 2006).
[2] *Id*.
[3] *Id*. (citing *Trujillo*, 465 F.3d at 1217 (internal citation omitted)).
[4] Black's Law Dictionary (9th ed. 2009).
[5] Pl.'s Compl., Doc. 1 at 1.

2

"the court must determine whether personal jurisdiction over the defendant comports with due process."[6]

Due process requires that a non-resident defendant have "minimum contacts" with the forum state.[7] To meet this "minimum contacts" standard, the court may exercise either specific or general jurisdiction.[8] Specific jurisdiction is appropriate if the defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."[9] The application of general jurisdiction is appropriate if the defendant has "continuous and systematic contact" with the forum state, even if those contacts are unrelated to the plaintiff's claims.[10] If the court determines that the defendant has sufficient minimum contacts in the forum state, the court must then consider whether exercising personal jurisdiction "would offend traditional notions of 'fair play and substantial justice.'"[11]

In this case, plaintiff fails to set forth any facts to support the court's exercise of personal jurisdiction over the defendants. All defendants appear to be residents of the state of Alabama. Plaintiff also resides in Alabama. The incidents giving rise to the complaint occurred in Montgomery, Alabama and plaintiff does not allege any facts which reflect defendants' contact with the District of Kansas. Therefore, the complaint is subject to dismissal for lack of personal jurisdiction.

---

[6] *Brown*, 2009 WL 536596, at *2.
[7] *Id*. (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985); *Intercon v. Bell Atl. Internet Solutions, Inc.,* 205 F.3d 1224, 1247 (10th Cir. 2000)).
[8] *Id*. (citing *Intercon*, 205 F.3d at 1247).
[9] *Id*. (citing *Intercon*, 205 F.3d at 1247).
[10] *Id*. (citing *Intercon*, 205 F.3d at 1247).
[11] *Id*. at *3 (citing *Intercon*, 205 F.3d at 1247) (internal citation omitted).

**Venue**

Venue is defined as the proper place for a lawsuit to proceed, "usually because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant."[12] Pursuant to 28 U.S.C. § 1391(b), a case may be brought in:

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

As presented in the complaint, it does not appear that any defendant resides in Kansas or can be found in Kansas. Plaintiff's complaint alleges that the events giving rise to his claim occurred in Alabama. Therefore, the District of Kansas is an improper venue for this case.

**IT IS THEREFORE RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE.**

A copy of this recommendation shall be sent to plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and

---

[12] Black's Law Dictionary (9th ed. 2009); *see Brown*, 2009 WL 536596, at *3 (citing *Sheldon v. Khanal,* 2007 WL 4233628, at *2 (D. Kan. Nov. 29, 2007)).

recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[13]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 5th day of May 2014.

 s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[13] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).